UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

MACK JULIEN,

                     *Plaintiff*,

- against -

DETECTIVE MICHAEL VENDITTY,

                     *Defendant*.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

18-CV-03055 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 25 2020 ★
BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge.

The *pro se* plaintiff, Mack Julien, brings this action pursuant to 42 U.S.C. § 1983 *in forma pauperis*. (ECF No. 1.) He alleges that the defendant, Detective Michael Venditti[1], arrested him in Staten Island and sexually assaulted him during a pat-and-frisk search. (ECF No. 1.) On April 26, 2019, the defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 34.) For the reasons that follow, the defendant's motion for summary judgment is granted.

## BACKGROUND[2]

On December 2, 2016 at approximately 12:30 a.m., the plaintiff and two other men went

---

[1] At various points in the record, the defendant's name is spelled "Venditti" and "Venditty."
[2] The defendant sent the plaintiff a notice of his obligation to respond to the motion for summary judgment; the notice advised the plaintiff that the Court might accept the defendant's statement of facts as true if the plaintiff did not respond with affidavits or documents contradicting the defendant's statement of facts. (ECF No. 38.) The plaintiff filed an affidavit in opposition to the defendant's motion, but did not respond to each statement contained in the defendant's Rule 56.1 Statement. My discussion of the facts is drawn from the defendant's Rule 56.1 statement and exhibits, including deposition and state court testimony, as well as the plaintiff's submissions and affidavit. I construe the evidence "in the light most favorable to the non-moving party." *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018) (internal quotation marks and citation omitted); *see also T.Y. v. New York City Dept't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits

1

to the Holiday Inn on Staten Island and parked in a no-standing/no-parking zone at the entrance. (ECF No. 36, Def.'s 56.1 Statement ("Def. 56.1") ¶ 4.) The defendant and his partner were in an unmarked car about twenty feet away. (Def. 56.1 ¶¶ 7-10.) The plaintiff and his friends passed a cigarette among themselves; the plaintiff claims that it was a Newport cigarette, while the defendant claims that he smelled marijuana. (Id. at ¶ 10; ECF No. 40 ¶¶ 1-2.)[3]

The defendant and his partner approached the car. The defendant took the cigarette, asked the plaintiff to get out of the car, and asked whether the plaintiff "had anything in his possession." (Def. 56.1 ¶ 15.) The plaintiff said he did not, and the detective patted him down and frisked him for weapons or contraband. (Id. at ¶¶ 14-16.) The parties agree that the defendant moved his hands over the plaintiff's sweatpants and asked him, "What's this?" (Id.; ECF No. 40 ¶ 11.) The plaintiff says that he "moved out of the way" (ECF No. 40 ¶¶ 17-18) because he was "uncomfortable"; the defendant "did like some Metrocard swipe under my legs," repeatedly grabbed the plaintiff's genitals, and "put pressure on his rectum area, not his groin area." (ECF No. 40 ¶¶ 17-18; ECF No. 37-1 at 133.) The defendant says he felt a hard object on the back of the plaintiff's sweatpants, near his buttocks. (Def. 56.1 ¶ 17.)

The defendant and his partner frisked the other men and took all three to the 121st precinct. (Id. ¶ 22.) The parties agree that the defendant searched the plaintiff again at the precinct, but disagree about what happened during the search. (Id. ¶ 22.) The defendant says that he shook the plaintiff's waistband, and then moved from the plaintiff's waistband to the

---

the court to conclude that the facts asserted in the statement are uncontested and admissible."); *Brown v. City of New York*, No. 15-CV-6217, 2016 WL 7410661, at *1 (E.D.N.Y. Dec. 22, 2016) ("[E]ven a *pro se* litigant . . . is bound by an unrefuted Local Rule 56.1 statement.").

[3] The defendant claims that both his window and the plaintiff's window were open; the plaintiff says that the weather was cold and windy and that his window was not down when police approached the car. (Def. 56.1 ¶ 10; ECF No. 40 ¶ 4.)

2

bottom of the leg until a bag of drugs fell out of the cuff. (*Id.* at ¶ 25.)[4] The plaintiff admitted in his deposition that he had the drugs but did not keep them in his pants; he claims he kept them in his rectum "in order to keep them away from himself." (Def. 56.1 ¶¶ 1-2.) According to the plaintiff, the defendant removed the plaintiff's pants and underwear, reached into his rectum, and retrieved the drugs. (Def. 56.1 ¶¶ 31-33.)[5]

The plaintiff was arrested and charged with Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Fourth Degree, three counts of Criminal Possession of a Controlled Substance in the Seventh Degree, and Unlawful Possession of Marijuana. (ECF No. 37-9.) The plaintiff, represented by counsel, moved to suppress the drugs, arguing that the search was unlawful. (*Id.*) The Honorable Alexander Jeong of the Richmond County Supreme Court conducted a *Mapp/Dunaway* hearing, at which both parties testified. (ECF No. 37-8 at 184-190.) The plaintiff testified that he and his friends were smoking a cigarette when the defendant stopped him, searched him inappropriately, and did a body cavity search without his consent. The defendant testified that he stopped the plaintiff after he smelled and saw marijuana, that he did not touch the plaintiff inappropriately, and that he did not do a body cavity search. (ECF No. 37-8.)

On May 14, 2018, Judge Jeong denied the plaintiff's motion to suppress, ruling that the defendant had probable cause to stop and arrest the plaintiff and that both searches were reasonable. (Def. 56.1 ¶¶ 35-36.) Judge Jeong found that the plaintiff's testimony "mostly corroborates Officer Venditti's testimony" and that the plaintiff "admitted under oath that he lied to Officer Venditti at least twice when he was asked if he possessed drugs." (ECF No. 37-8 at

---

[4] The parties agree that the bag contained 7.3 grams of crack-cocaine, 10 glassines of heroin, and 6 pills of alprazolam. (Def. 56.1 at ¶ 26.) There is no evidence that the police vouchered the marijuana cigarette.
[5] The complaint does not include this allegation.

3

188.) Judge Jeong found the plaintiff's "version of the search at the precinct to be incredible" and denied the motion in its entirety. (ECF No. 37-8 at 189.)

The plaintiff filed this action on May 22, 2018. (ECF No. 1.) The next day, the plaintiff pled guilty to Criminal Possession of a Controlled Substance in the Third Degree, P.L. § 220.16. (Def. 56.1 ¶ 39.)[6]

## STANDARD OF REVIEW

A district court may grant summary judgment only if the parties' submissions, in the form of deposition transcripts, affidavits, or other documentation, taken together show that there is "no genuine dispute as to any material fact," and therefore the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) & (c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To defeat a properly supported summary judgment motion, the plaintiff must put forward similar materials setting out specific facts that demonstrate that there is a genuine issue of material fact to take to a jury. *Whethers v. Nassau Health Care Corp.*, 956 F. Supp. 2d 364, 373 (E.D.N.Y. 2013), *aff'd*, 578 F. App'x 34 (2d Cir. 2014) (summary order).

The court must draw all reasonable inferences and resolve all ambiguities in the non-moving party's favor. *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). On the other hand, a mere "scintilla of evidence in support of the [non-movant's] position" is inadequate to avoid summary judgment. *Hayut v. State Univ. of New York*, 352 F.3d 733, 743 (2d Cir. 2003) (citation and internal quotation marks omitted). Summary judgment is appropriate where there is "nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (citation and internal quotation marks omitted).

---

[6] The plaintiff claims that he has appealed his conviction, and that the appellate court's determination is pending. (ECF No. 40 ¶ 22.)

4

Because the plaintiff is *pro se*, I construe his opposition liberally "to raise the strongest arguments [that] [it] suggest[s]." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Application of this standard does not excuse the plaintiff from providing the evidentiary support necessary to survive a summary judgment motion; indeed, he "must offer some hard evidence showing that [his] version of the events is not wholly fanciful." *McAfee v. Law Firm of Forster & Garbus*, No. 06-CV-2925, 2008 WL 3876079, at *2 (E.D.N.Y. Aug. 18, 2008) (quoting *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005)); *see also Shankle v. Andreone*, No. 06-CV-487, 2009 WL 3111761, at *2 (E.D.N.Y. Sept. 25, 2009) ("bald assertions" are insufficient to overcome a motion for summary judgment).

## DISCUSSION

In his lawsuit, the plaintiff makes the same claims he made in support of his motion to suppress the evidence in the criminal case—that the defendant arrested him without probable cause and searched him unlawfully. (ECF No. 1.) The defendant maintains that the plaintiff is precluded from bringing these claims because the state court decided the reasonableness and lawfulness of both searches, and that the claims otherwise fail as a matter of law. (ECF No. 35.) I agree that the plaintiff's claims are barred by the state court's ruling.

Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Under New York law, issue preclusion, also known as collateral estoppel, has two elements: "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be

precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Jenkins*, 478 F.3d at 85 (quoting *Matter of Juan C. v. Cortines*, 89 N.Y.2d 659, 667 (N.Y. 1997)). Put differently, the doctrine of issue preclusion "precludes a party from relitigating . . . an issue clearly raised in a prior action . . . and decided against that party . . . whether or not the tribunals or causes of action are the same." *Tsirelman v. Daines*, 19 F. Supp. 3d 438, 449 (E.D.N.Y. 2014) (quoting *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500 (1984)); *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."). It is "well-settled" that issue preclusion may bar a plaintiff from bringing a Section 1983 action in federal court. *See Barnes v. Cty. of Monroe*, 85 F. Supp. 3d 696, 723 (W.D.N.Y. 2015) (citations omitted); *see also Johnson v. Watkins*, 101 F.3d 792, 795 (2d Cir. 1996) (in actions brought under Section 1983, collateral estoppel "serves the important purpose of promoting comity between State and federal courts.") (citations omitted).

The defendant, as the party invoking collateral estoppel, bears the "burden of showing that the issues are identical and were necessarily decided in the prior action," and the party opposing its application bears the "burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues." *Proctor v. LeClaire*, 715 F. 3d 402, 414 (2d Cir. 2013) (citation and quotation omitted). To satisfy these requirements, the issue "must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." *Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006) (quoting *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N. Y.2d 659, 667 (N.Y. 1990)).

The plaintiff had a full and fair opportunity to litigate his claims at the state court

suppression hearing, which resolved those issues against him. The plaintiff, represented by counsel, argued that the detectives did not have probable cause to stop and arrest him and that the searches—the pat down at the scene and the search at the precinct—were unconstitutional. (ECF No. 37-9.) The plaintiff specifically challenged "the manner in which the search was conducted," describing it as "intrusive and unwarranted[.]" (ECF No. 37-9 at 191-192.) At the hearing, the plaintiff testified to essentially the same version of events he alleges in this action: that the defendant sexually assaulted him and conducted a nonconsensual body cavity search. Judge Jeong evaluated the witnesses' credibility, rejected the plaintiff's testimony, and credited the defendant's testimony, concluding that the defendant had probable cause to stop and arrest the plaintiff and that neither search was unconstitutional. (ECF No. 37-8 at 188.) Judge Jeong explicitly rejected the plaintiff's account of the cavity search as "incredible." (*Id.*)

The issues at the hearing are identical to the issues the plaintiff seeks to re-litigate and were decided against him. *See Thomas v. Venditto*, 925 F. Supp. 2d 352, 360-61 (E.D.N.Y. 2013) (plaintiff's claim of selective prosecution, which he asserted in a Section 1983 suit, had been raised, litigated, and decided in his motion to dismiss before state criminal court). And the plaintiff undoubtedly had a "full and fair opportunity" to litigate the legality of the search. *See Fequiere v. Tribeca Lending*, No. 14-CV-812, 2016 WL 1057000, at *9 (E.D.N.Y. Mar. 11, 2016) (in order to meet the "full and fair opportunity to litigate" requirement, the "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause"). Therefore, the doctrine of issue preclusion applies to the state court's determination that the defendant had probable cause to arrest the plaintiff, and that neither search violated the plaintiff's constitutional rights. This determination bars his current claims.

Even if the plaintiff's claims were not precluded by the doctrine of collateral estoppel, he is independently barred from bringing these claims under *Heck v. Humphrey*, 512 U.S. 477 (1994). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. Any "claim for damages bearing that relationship to a conviction or sentence that has *not* been invalidated is not cognizable under § 1983." *Id.* The plaintiff's challenges to the constitutionality of the searches "implicate the validity of his conviction[.]" *D.S. v. City of New York*, 736 F. App'x 284, 287 (2d Cir. 2018) (summary order). The determination that the defendant's search of the petitioner was constitutional is inextricably linked to the plaintiff's guilty plea for possession of a controlled substance. Under *Heck*, the plaintiff's guilty plea in state court bars his current efforts to relitigate the factual foundation of his conviction.[7]

---

[7] Because I find that the plaintiff's claims are precluded, I do not reach the issue of whether the defendant is protected by qualified immunity. *See Rasmussen v. City of New York*, 766 F. Supp. 2d 399, 415 n.9 (E.D.N.Y. 2011) ("Qualified immunity requires a two step inquiry, in either order, one step of which is the determination of whether issues exist that a plaintiff's constitutional rights have been violated.") (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) and *Tracy v. Freshwater*, 623 F.3d 90, 92 (2d Cir. 2010)).

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted in its entirety. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                        _____
                                        Ann M. Donnelly
                                        United States District Judge

Dated: Brooklyn, New York
       February 24, 2020